OWENS, Circuit Judge,
concurring:
I concur in the majority’s opinion, as it faithfully follows the current controlling case law. I write separately because, in my view, the Supreme Court should take a second look at an important aspect of Members of City Council of City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).
This case is about ugly signs on vehicles, and no doubt I would not want these vehicles and their signs parked in front of my house. But under the ordinances at issue, a car with equally ugly decals — including a decal of a vehicle with an ugly sign — would not “go to jail,” but instead treat my curb like the upper left corner of a Monopoly board.
If “aesthetics” are to play a part in speech restriction, then such aesthetics should apply equally, decal or sign. Yet under Taxpayers for Vincent, the Court rejected the very point that I now make. See 466 U.S. at 810-12, 104 S.Ct. 2118 (rejecting the Ninth Circuit’s holding that “a prohibition against the use of unattractive signs cannot be justified on esthetic grounds if it fails to apply to all equally unattractive signs wherever they might be located”). I think our court was right then, and the Supreme Court should reconsider this portion of Taxpayers for Vincent. As it currently stands, politicians can use Taxpayers for Vincent and its beholderish “aesthetics” to covertly ensure homogeneous thinking and political discourse. That is a dimension we should avoid. See The Twilight Zone: Eye of the Beholder (CBS television broadcast Nov. 11, 1960).